IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 1:16-cr-17-HSO-JCG-2 |
| | § | |
| | § | |
| | § | |
| MARK A. HANKS | § | |

**ORDER DENYING DEFENDANT MARK HANKS'S MOTION [65] FOR COMPASSIONATE RELEASE**

BEFORE THE COURT is Defendant Mark Hanks's Motion [65] for Compassionate Release. The Court finds that this Motion [65] should be denied with prejudice.

I. BACKGROUND

A. Procedural history

Pursuant to a Plea Agreement [48] with the Government, on June 23, 2016, Defendant Mark Hanks ("Defendant" or "Hanks") pleaded guilty to Count Two of the Indictment in this case, which charged that he

> did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, in violation of Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

Indictment [20] at 2; Plea Agreement [48] at 1. On September 27, 2016, the Court sentenced Defendant to a term of 200 months imprisonment followed by five years of supervised release. Min. Entry, September 27, 2016. Defendant did not file a direct appeal. Defendant is presently incarcerated at United States Penitentiary,

1

Coleman II in Coleman, Florida, and his projected release date is July 15, 2030.  Ex. [65-1] at 5.

On August 7, 2023, Defendant filed the instant Motion [65] for Compassionate Release, asking the Court to modify his sentence as he has now exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Mot. [65] at 1. Defendant argues that his "role in the drug trade was less significant than assumed" in the Presentence Investigation Report ("PSR"), and that this Court should retroactively disregard the United States Sentencing Guidelines' distinction between pure methamphetamine and a mixture of methamphetamine as outdated and reduce his sentence to what it would be if the Guidelines only considered mixtures of methamphetamine. *Id.*  Defendant also claims that his "significant rehabilitation over the past several years, act of heroism in saving another inmate's life, and services to others when considered alongside his decreased level of culpability, establishes extraordinary and compelling grounds for sentence reductions." *Id.*

The Government opposes Defendant's Motion [65], contending that in addition to "having waived his right to pursue post-conviction relief . . . . Title 18 United States Code Section 3582(c)(1)(A)(i) includes no provision for modifying a sentence under the circumstances described by Defendant Hanks." Resp. [67] at 1-2. The Government argues that Defendant has not demonstrated "extraordinary and compelling reasons" for compassionate release and that the "factors set forth in Title 18, United States Code Section 3553(a) do not warrant a reduction in

sentence." *Id*. at 2.  The Government highlights that despite the PSR assigning Defendant a base offense level of 33, a criminal history category of VI, and a Guidelines range of 235 to 293 months imprisonment, the Court granted a downward variance and sentenced him to 200 months. *Id.* at 1. The Government has not contested that Defendant exhausted his administrative remedies. *See id.* at 1-2.

Defendant counters in his Reply [68] that as a matter of law a motion for compassionate release under § 3582(c)(1)(A)(i) is not part of a plea waiver of post-conviction relief. Reply [68] at 1. Defendant contends that "his base offense level, accounting for reduced culpability . . . would be six levels different," and he notes that this is "[a] FAR more significant decrease than that represented by the downward variance given by the court." *Id.*

## II. DISCUSSION

A. Relevant legal authority

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).  The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

3

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). In considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). A "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089.

The commentary to U.S.S.G. § 1B1.13 does not bind a court, but it "may inform the district court's analysis" on the merits of a compassionate release request. *Id.* at 1090 (quotation omitted); *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). Further, while Congress gave the Bureau of Prisons the authority to promulgate policy statements defining what are "extraordinary and compelling reasons for sentence reduction," 28 U.S.C.A. § 994(t), it explicitly stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason[,]" *id.*

B.   <u>Whether Defendant has shown extraordinary and compelling reasons justifying release</u>

Defendant's primary argument is that his sentence was unjust due to the Sentencing Guidelines' distinction between pure or actual methamphetamine and methamphetamine mixtures. Mot. [65] at 1-3. He relies heavily on the case of

4

*United States v. Robinson* in making his argument. No. 3:21-CR-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022). In *Robinson*, at sentencing, a defendant was granted a motion for deviation from the Sentencing Guidelines. *Id.* at *3. Specifically, the court deviated from the higher level of culpability assigned to pure methamphetamine and treated all methamphetamine found in that case as a mixture of methamphetamine. *Id.* Defendant asserts that this decision, among others, shows that he had a lower level of culpability than assumed at sentencing such that this Court should retroactively reduce his sentence. *See* Mot. [65] at 2-3. This argument fails for three reasons.

First, as this Court has previously stated, "*Robinson* is another case from this district addressing a motion to deviate from the Guidelines calculation of an offense level based on drug quantity, and it is not binding on this Court." *United States v. Bradley*, No. 1:17CR9-HSO-RHW, 2023 WL 2254558, at *3 (S.D. Miss. Feb. 27, 2023) (internal citations omitted). This is because "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

Second, *Robinson* is inapplicable to the instant Motion [65]. The two primary cases cited by Defendant, *Robinson* and *United States v. Hayes*, both addressed the issue of actual or pure methamphetamine versus a mixture at the sentencing stage. *See* 2023 WL 2254558 (S.D. Miss. Feb. 27, 2023); 984 F. Supp. 2d 1069 (N.D. Iowa, 2013). Sentencing is the more appropriate stage to consider such policy

disagreements with the Sentencing Guidelines, rather than on a motion for compassionate release. *See United States v. Rodriguez-Flores*, No. 2:05-CR-21-KS-MTP, 2023 WL 4306755, at *4 n.10 (S.D. Miss. June 30, 2023). In *Rodriques-Flores*, the court addressed *Robinson* on a motion for compassionate release. *See id.* It reasoned that if courts

> find that such policy disagreement creates an "extraordinary and compelling reason" for early release, the Court would likely open the flood gates to effectually resentence each defendant who had been sentenced by a judge who utilized the sentencing guidelines as written at sentencing. It is better that consideration of such disparity be taken at the time of sentencing.

*Id.*

The same reasoning applies to the arguments by Defendant here. Further, while "[a]s a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines[,]" *United States v. Valdez*, 268 F. App'x 293, 297 (5th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)) (quotation omitted), a defendant cannot use motions for compassionate release "to challenge the legality or the duration of his sentence" or "to correct sentencing errors[,]" *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (quoting *United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022)). Thus, in the Court's view, consideration of this issue is inappropriate on a motion for compassionate release.

Third, the facts outlined in the PSR [54] demonstrate that Defendant is understating his culpability. *See* Mot. [65]; PSR [54] (under seal). Defendant claims that he was a low-level drug dealer, yet the facts show otherwise. According to the

PSR, a search of his motel room resulted in a seizure of approximately 554 grams of methamphetamine. PSR [54] at 5. Defendant willingly and knowingly admitted to bringing 37.5 ounces, or over a kilogram, of methamphetamine from Texas to Mississippi for the purpose of sale and distribution. *Id.* Further, he admitted that on a previous trip to Mississippi he brought 24 ounces, or over 600 grams, of methamphetamine for his associate Melissa Brewer to sell. *Id.* at 6. Brewer then provided the proceeds of the sales to Defendant. *Id.* Defendant was high enough up the ladder of drug distribution to know the methamphetamine was imported from outside the country, as he was only one level below the supplier, "Lupe," who received the methamphetamine in its liquid form from Mexico and converted it into its solid form for distribution. *Id.* Defendant admitted that he had been selling for "Lupe" for several years, and for this reason the PSR highlighted that "the amount of methamphetamine attributed to the defendant for guideline calculation purposes is a very conservative amount." *Id.* at 7. In sum, based on the PSR, the Sentencing Guidelines properly reflected Defendant's culpability and his argument on this point is without merit.

Defendant also posits that his "heroic act, selfless service to others, and personal accomplishments exceed the bounds of what we consider to be rehabilitation." Mot. [65] at 3. However, rehabilitation alone does not constitute an extraordinary and compelling reason for the Court to reduce his sentence. *See* 28 U.S.C.A. § 994(t). That is not to say rehabilitation may never be considered, but it is only "a factor warranting a reduction when an inmate has an otherwise qualifying

7

condition." *United States v. Dotrey*, No. 2:13-CR-04, 2021 WL 4191454, at *4 (E.D. Tex. Sept. 15, 2021); *see also United States v. Rogers*, No. 1:09CR100-LG-RHW-1, 2020 WL 3423423, at *2 (S.D. Miss. June 22, 2020); *United States v. Alexander*, No. 14-126-JWD-EWD, 2020 WL 2468773, at *3 (M.D. La. May 13, 2020). While the Court acknowledges and commends Defendant's service, rehabilitation, and efforts at self-improvement, this is not sufficient to warrant reducing his sentence absent some other "qualifying condition." *Dotrey*, 2021 WL 4191454, at *4.

In short, Defendant has not shown the existence of any extraordinary and compelling circumstances justifying an early release.

C.  <u>Whether the applicable factors set forth at 18 U.S.C. § 3553(a) weigh against Defendant's release</u>

Even if Defendant had presented evidence of an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), the Court is persuaded that the § 3553(a) factors weigh against his release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

As previously discussed, although Defendant characterizes himself as a low-level drug dealer, the facts show otherwise. Defendant made multiple trips across

8

state lines to distribute a substantial amount of methamphetamine. PSR [54] at 5-6. He sold methamphetamine imported from Mexico for several years before his current incarceration. *Id.* at 7. In addition to the methamphetamine seized from Defendant, he was found to be responsible for an additional 1,204.59 grams of methamphetamine already sold and distributed in Mississippi. *Id.* at 7-8. With respect to his criminal background, Defendant was found to have a criminal history category of six, the highest category under the Guidelines. *Id.* at 16. He had fourteen previous criminal convictions between 1995 and 2015, with the largest gap between convictions being four years. *Id.* at 9-12. Finally, Defendant committed this offense while under a sentence for Simple Battery, Simple Criminal Damage to Property, and Possession of Drug Paraphernalia in Louisiana. *Id.* at 13.

Overall, Defendant was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Considering the totality of the record before it, the Court finds that reducing Defendant's sentence at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. 18 U.S.C. § 3553(a).

Defendant's Motion [65] for Compassionate Release should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Mark Hanks's Motion [65] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 19th day of September, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE